**STATE of Minnesota, Respondent,**

v.

**Max WEISBERG, Appellant.**

**No. C5-91-135.**

Court of Appeals of Minnesota.

Aug. 13, 1991.

Review Denied Oct. 11, 1991.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., Mark N. Lystig, Asst. Ramsey County Atty., St. Paul, for respondent.

Ronald I. Meshbesher, Jack S. Nordby, Meshbesher & Spence, Ltd., Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

This appeal challenges the revocation of probation for violation of a condition imposed after conviction for a sports bookmaking offense. We affirm the trial court's denial of the motion to vacate the original conviction but reverse the order revoking probation.

## FACTS

In 1989 Max Weisberg pleaded guilty to sports bookmaking, a violation of Minn. Stat. § 609.75. The court imposed a 15-month sentence but stayed execution of the sentence on condition that Weisberg not commit the same or similar violations and that he perform 100 hours of community service.

In May 1990 Weisberg was again charged with sports bookmaking in violation of Minn.Stat. § 609.75. In a bifurcated trial, a jury found that Weisberg engaged in sports bookmaking but acquitted him by reason of mental deficiency. After trial, the state moved to revoke probation, and Weisberg moved to vacate his earlier conviction because (1) the complaint failed to state the essential elements of the of-fense, and (2) the plea was involuntary and unintelligent.

The court denied Weisberg's motion to vacate the earlier conviction and revoked his probation. Rather than execute the original sentence, the court again placed Weisberg on probation, subject to the additional condition that Weisberg serve 20 nonconsecutive days in jail. The days to be served surrounded the Super Bowl and the state high school hockey and basketball tournaments. Weisberg challenges the court's denial of his motion to vacate and its revocation of his initial probation order.

## ISSUES

1. Can the 1989 probation be revoked for a 1990 sports bookmaking charge that resulted in an acquittal by reason of mental deficiency?

2. Did the trial court err by refusing to vacate Weisberg's 1989 conviction either because the complaint failed to state essential elements of the offense or because the plea was unintelligently or involuntarily given?

## ANALYSIS

### I

In determining whether Weisberg violated the conditions of his probation, the trial court declined to treat as dispositive the jury's verdict of not guilty by reason of mental deficiency on the 1990 charge of sports bookmaking. Weisberg contends that the court abused its discretion by revoking probation for the same conduct for which he had been charged and acquitted by reason of mental deficiency. *See State v. Austin*, 295 N.W.2d 246, 249–50 (Minn. 1980) (before probation may be revoked, court must find that violation was intentional or unexcusable).

■ In imposing terms of probation, the trial court may proscribe acts that are not criminal, but the defendant must be given adequate warning of the conduct prohibited. *Austin*, 295 N.W.2d at 251. At sentencing, the court warned Weisberg against gambling in general, but the order

of probation specifically required only that Weisberg "remain law-abiding and have no same or similar violations" and perform 100 hours of community service.

■ The probationary conditions were reasonable, and the transcript demonstrates the fairness that Weisberg was afforded throughout the proceedings. Nevertheless, because Weisberg was acquitted of the second charge of sports bookmaking, the court lacked the requisite factual basis for finding that Weisberg had engaged in a similar violation of law. *See* Minn.R.Crim.P. 27.04, subd. 3(3); *Austin* at 250 (revocation requires violation of a specific condition of probation). Consequently, the revocation of Weisberg's probation must be reversed.

## II

Although we reverse the revocation, we address the issues relating to the validity of the 1989 conviction because Weisberg's probation from that offense is continuing. The trial court rejected Weisberg's argument that, because the complaint failed to state an essential element of the sports bookmaking offense and because his plea was not intelligently or voluntarily entered, his original plea should be vacated.

Minn.R.Crim.P. 15.05 allows postsentence withdrawal of a plea only to correct a manifest injustice and only if the motion to withdraw is timely. *See also* Minn.Stat. § 590.04, subd. 3 (1990). Rules 2.01, 17.02, subd. 3, and 17.06 similarly permit a complaint to be dismissed for the failure to allege essential facts if the defect prejudices the substantial rights of the defendant.

■ Although Weisberg challenged the validity of his plea before sentencing on the 1989 violation, he did not challenge the specificity of the complaint until after the state moved to revoke his probation. Because Weisberg waited 17 months to challenge the complaint, his motion to vacate on this ground was untimely. *See State v. Lopez,* 379 N.W.2d 633, 636 (Minn.App. 1986), *pet. for rev. denied* (Minn. Feb. 14, 1986).

■ Even if the motion were timely, the alleged defects in the complaint did not cause manifest injustice or prejudice. *See State v. Serstock,* 402 N.W.2d 514, 519 (Minn.1987). The elements of the offense were adequately set forth and Weisberg acknowledged in extensive questioning before entering his plea that he knew the charges against him and had discussed these with his attorney. *See id.* at 519 n. 5 (detailed preplea questioning, which demonstrated defendant's awareness of the charge, eliminates any prejudice from insufficiency of complaint).

■ Weisberg also challenges his plea as unintelligent and involuntary. *See State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). Although Weisberg raised this claim in his initial motion to withdraw his 1989 plea, because the issue was not resolved on a direct appeal, postconviction consideration is not foreclosed. *See Wensman v. State,* 342 N.W.2d 150, 151 (Minn.1984).

■ We cannot agree with Weisberg's claim that the jury's finding of mental deficiency on the 1990 charge should have been given collateral estoppel effect on the issue of his competency to plead to the 1989 offense. The jury considered only Weisberg's competency to commit sports bookmaking at the time of the second offense, and its verdict is not dispositive of Weisberg's capacity at an earlier point in time. *See generally State v. McAlpine,* 352 N.W.2d 101, 103 (Minn.App.1984). The evidence supporting incompetency, including commitment records, the jury's recent verdict, and a psychologist's report, is strong but not conclusive. *See Gilles v. State,* 299 Minn. 158, 159, 216 N.W.2d 898, 899 (1974).

■ Weisberg's competency to enter the plea was supported by a comprehensive plea petition drafted by his attorney and a record showing extensive questioning at the time Weisberg entered the plea. The court's determination of Weisberg's competency to plead guilty in 1989 is adequately supported. *See Marhoun v. State,* 451 N.W.2d 323, 327 (Minn.1990).

■ Finally, Weisberg argues that part of his plea bargain was the dismissal of

charges against his brother and that his need to protect a family member from prosecution effectively coerced his plea. *See United States v. Cammisano,* 599 F.2d 851 (8th Cir.1979). No overt coercion was present in this case. As the state notes, the plea's terms, including a recommendation for probation, were favorable to Weisberg. The record does not establish that his plea was involuntary.

## DECISION

The evidence of Weisberg's limited intellectual functioning did not require vacating his guilty plea and corresponding conviction. However, because Weisberg was not found guilty of another gambling offense, we reverse the revocation of his probation.

Affirmed in part and reversed in part.