STATE of Minnesota, Respondent,

v.

Robert STALOCH, Appellant.

No. C0–01–1714.

Court of Appeals of Minnesota.

April 30, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Ross E. Arneson, Blue Earth County Attorney, Douglas E. Sinclair, Assistant County Attorney, Mankato, MN, for respondent.

John M. Stuart, State Public Defender, Marie Wolf, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, HANSON, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

In challenging a district court order revoking probation, appellant argues that the orally pronounced sentence, which suspended much of his imposed jail term and did not mention probation or conditions of

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

probation, did not actually place him on probation and, therefore, he could not be found in violation of probation. Because we conclude that the terms of appellant's oral sentence take precedence over contrary terms in his written sentence, we reverse.

## FACTS

Appellant Robert L. Staloch was arrested for, and shortly thereafter pleaded guilty to, gross misdemeanor driving under the influence (DWI) in violation of Minn.Stat. § 169.121, subds. 1(f), 3(c)(1) (1998). Before sentencing, the court received a written presentence investigation report that recommended a stay of execution on the condition, among others, that Staloch obey all laws. The district court began the sentencing hearing by mentioning that the presentence investigation (PSI) had been prepared and asked for comments. Staloch's attorney expressed how remorseful Staloch was and then requested that the court follow the PSI recommendations. The court declared:

> I'm going to impose 105–day jail sentence. I'm going to suspend 75 of those days. I'm going to credit 14 days toward the treatment program, the other 16 days, four can be served this weekend.
>
> * * * *
>
> The other 12 days can be community service. * * *
>
> I'm also going to impose [fines, assessments, and surcharges].

The court then signed the sentencing order and warrant of commitment, which provided for all of the above but also included the PSI-recommended stay of execution conditioned upon Staloch obeying all laws for one year.

Less than eight months later, Staloch was again arrested for DWI and subsequently pleaded guilty. Thereafter, he was ordered to appear in court for violating the terms of the probation of the earlier conviction. At the probation violation hearing, Staloch protested that he did not know he was on probation. The court noted that although the transcript of Staloch's sentencing hearing showed that the court "didn't make any comment as to * * * the conditions of the suspension," the court nevertheless revoked probation pursuant to the written sentencing order and sentenced Staloch to 30 days. The sentence has been stayed pending this appeal.

## ISSUE

Can a defendant violate probation when probation was not expressly pronounced in the oral sentence but was included in the written sentencing order?

## ANALYSIS

We note initially the difference between the oral sentence and the written sentencing order in this case. The written order stated that 75 days of the sentence were *stayed on the condition* that Staloch obey all laws for one year. The oral sentence stated only that the 75 days were *suspended*. Staloch argues, therefore, that he was not placed on probation because the oral sentence made no mention of probation or any probationary conditions. We find Staloch's argument persuasive.

The Minnesota Rules of Criminal Procedure provide that the court "[s]hall state the precise terms of the sentence." Minn. R.Crim. P. 27.03, subd. 4(A). While the district court complied with this rule when it imposed its oral sentence, that oral sentence was not consistent with the written sentencing order. The question we must answer is: which prevails, the oral order or the written? Although no published [1] Minnesota appellate cases have addressed

---

1. An unpublished case from this court did, however, observe that

the precise question raised here, federal caselaw informs our decision. In *United States v. Villano*, 816 F.2d 1448, 1450–52 (10th Cir.1987), the court stated:

It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict. This rule is recognized in virtually every circuit * * *.

* * * *

It has been suggested that whenever there is a conflict between the oral sentence and the sentence as described in the written judgment, the court must attempt to discern the sentencing judge's intentions. Apart from problems associated with ascertaining intent from the appellate record, such a change would affect important principles that underlie the traditional rule. The legal status of the oral sentence and the right to be present at sentencing would be diluted by an intent-based approach.

* * * *

* * * Sentencing should be conducted with the judge and defendant facing one another and not in secret.

(Footnote omitted.)

The Villano court also noted that an oral sentence might be ambiguous. In addressing that possibility, the court stated:

When an orally pronounced sentence is ambiguous, however, the judgment and commitment order is evidence which may be used to determine the intended sentence. This is the purpose of the written order: to help clarify an ambiguous oral sentence by providing evidence of what was said from the bench.

*Id.* at 1451 (citation omitted). We find the reasoning of the Villano court to be sound and consistent with Minnesota sentencing practice, and we apply it here.

■ The oral sentence pronounced by the district court was not ambiguous. Therefore, we need not consider the written sentencing order to assist us in determining what was said from the bench. Although the state, in effect, argues that a "suspension" is synonymous with "a conditional stay," we are unable to infer the existence of conditions from the use of the word "suspend." *See Black's Law Dictionary* 1447 (7th ed.1999) (defining a "suspension" as "[t]he act of temporarily delaying, interrupting, or terminating something"). Here, the pronounced sentence unambiguously contained no conditions, nor did it contain any indication of delay or interruption. We can conclude only that "suspend" was used by the court in the sense of termination.

■ The state next argues that the district court put Staloch on notice that probation was given when the court declared that 75 days of the sentence were suspend-

[t]he oral sentence constitutes the judgment of the court and is the authority for the execution of the court's sentence. The written commitment is mere evidence of such authority.

*State v. Grayson*, No. C9–93–2183, 1994 WL 246094, at *3 (Minn.App. June 7, 1994) (quoting *United States v. Lewis*, 626 F.2d 940, 953 (D.C.Cir.1980)), *review denied* (Minn. July 27, 1994).

Although cited to by neither party, we have also reviewed *State v. Pflepsen*, 590 N.W.2d 759 (Minn.1999), and believe it is distinguishable from the present case. The Pflepson court stated that, under Minn.Stat. § 609.04,

courts should look to the official judgment of conviction in the file as conclusive evidence of whether an offense has been formally adjudicated because testimony and hearing statements are often imprecise and unclear with regard to sentencing and conviction orders. *Pflepsen*, 590 N.W.2d at 767. Here, there is no issue of an imprecise or unclear sentencing hearing. There is, instead, a serious and direct conflict between the oral sentence and the written sentence. The oral sentence never informed Staloch that his freedom was tied to his behavior; that he needed to conform his behavior to certain conditions or risk revocation of probation and incarceration.

ed, and that it was the responsibility of Staloch's attorney to inform Staloch of the conditions attendant to that probation.[2] We are unable, however, to place this responsibility upon Staloch's attorney. It is clear under both the Minnesota Rules of Criminal Procedure and persuasive case-law that the responsibility for stating the precise terms of a sentence rests squarely with the court.[3]

The state next argues that the discrepancy between the oral and written sentences here is merely a clerical error, which the court may correct "at any time." Minn. R.Crim. P. 27.03, subd. 9. We disagree. Because the oral pronouncement controls, we can see no issue of a clerical error. The fact that the district court may have intended to grant a conditional stay is of no import where the actual sentence pronounced is clear. The court cannot later impose a more severe sentence under the guise of making a clerical correction. Nor may the court, as the state suggests, correct Staloch's sentence pursuant to subdivision 9 of the rule, which permits modification "during either a stay of imposition or a stay of execution of sentence except that the court may not increase the period of confinement." Here a sentence of 105 days was imposed; 75 days were suspended, 30 days were served. To now add another 30 days through "revocation of probation" would clearly increase the period of confinement.

Finally, we reject the state's argument that when Staloch entered a plea to his subsequent DWI charge, he was put on notice of his existing probation by means of the following words in that later plea petition: "[M]y present probation or parole could be revoked because of the plea of guilty to this crime." The state's argument on this issue is meritless. The oral sentence pronounced for Staloch's previous offense was unambiguous and gave Staloch no indication that he was being placed on probation. Thus, he had no reason to believe that the caution of the later plea petition applied to him.

## DECISION

Because the oral pronouncement of a sentence controls over the written sentencing order and the district court unambiguously made the suspension of Staloch's sentence unconditional, the revocation of Staloch's probation upon violation of conditions that were not pronounced was unauthorized.

**Reversed.**

2. At the revocation hearing, the court, noting that it might have ruled differently had Staloch been unrepresented at the sentencing, appears to have relied on the attorney to communicate conditions of probation to Staloch.

3. Although neither party cited *State v. Weisberg*, 473 N.W.2d 381 (Minn.App.1991), *review denied* (Minn. Oct. 11, 1991), we have reviewed that case and conclude that it is consistent with our decision here. In *Weisberg*, a defendant convicted of a gambling-related offense was warned orally at sentencing not to gamble, but his written sentencing order stated only that he was to remain law-abiding and not have any same or similar offenses. *Id.* at 382–83. His probation was revoked after he was acquitted on a charge of sports bookmaking. *Id.* at 382. This court reversed the revocation, noting that while a trial court may proscribe acts that are not criminal, Weisberg was not given adequate warning of the possibly legal conduct prohibited by the oral sentence, because his written probationary conditions were considerably narrower. *Id.* We read *Weisberg* as ruling that oral probationary conditions forbidding legal conduct must be stated with sufficient specificity so as to give notice of what conduct is prohibited. The rules require such notice. *See* Minn. R.Crim. P. 27.03(4)(E)(2).