*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0266**

State of Minnesota,
Appellant,

vs.

Dylan Ronald Plessel,
Respondent.

**Filed December 1, 2014**
**Affirmed**
**Reyes, Judge**

Chisago County District Court
File Nos. 13CR13385; 13CR13316; 13CR12954

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Maureen F. Caturia, Assistant County Attorney, Center City, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Reilly, Judge.

**REYES**, Judge

In this sentencing appeal, the state argues that the district court erroneously departed from the Minnesota Sentencing Guidelines' presumptive sentences for the relevant charges. We affirm.

**FACTS**

This appeal arises from three criminal cases and four criminal charges against respondent Dylan Ronald Plessel. On December 28, 2012, Plessel was charged with felony receiving stolen property. On April 12, 2013, Plessel was charged with misdemeanor theft. And on May 20, 2013, Plessel was charged with felony theft of a motor vehicle and misdemeanor underage drinking and driving.

Before sentencing, the parties reached a plea agreement in which Plessel agreed to plead guilty to felony theft of a motor vehicle, misdemeanor underage drinking and driving, and misdemeanor theft in exchange for dismissal of the felony-receiving-stolen-property charge at sentencing. Under the plea agreement, Plessel was to pay restitution, receive a stay of imposition, and serve 75 days in jail and five years on probation. A presentence investigation report (PSI) followed the parties' plea agreement and recommended that the district court order five years of probation, 75 days in jail, payment of restitution, and several other conditions related to Plessel's consumption of alcohol.

At sentencing, both parties urged the district court to follow the plea agreement and the PSI recommendations. But the district court ordered a different sentence. On both the misdemeanor-theft and felony-theft-of-a-motor-vehicle charges, the district court

ordered Plessel to serve 75 days in jail with credit for 75 days served and placed him on probation for two years. On the misdemeanor-underage-drinking-and-driving charge, the district court placed Plessel on probation for two years.[1] The district court stayed a $3,000 fine and imposition of the sentences, ordered the sentences to be served concurrently, and imposed probation conditions that differed from those recommended in the PSI. Finally, the district court dismissed the felony-receiving-stolen-property charge.

The state then filed a motion to correct Plessel's sentence pursuant to Minnesota Rule of Criminal Procedure 27.03, subdivision 9, arguing at the motion hearing that the district court had imposed "what appears to be a gross-misdemeanor sentence on a felony-level charge without making any findings as to why a downward departure would be applicable." For his part, Plessel remembered that his sentencing hearing "was a weird sentencing." The district court lowered the term of probation on the misdemeanor-theft charge from two years to one year, but declined to otherwise modify Plessel's sentence. The district court explained that, "[w]hile [the sentencing court] sentenced [Plessel] to a stay of imposition for two years which would be a gross misdemeanor, it's not the court's belief that it has the authority to change the sentence to a felony." The district court also noted that the state could appeal Plessel's sentence to this court.

---

[1] Generally, an orally pronounced sentence prevails over a written sentence. *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002). But when the oral sentence is ambiguous, this court can consider the written sentence "to determine the intended sentence." *Id.* (quotation omitted). At the sentencing hearing, the district court pronounced the terms of Plessel's sentence without clearly differentiating between the charges and cases involved. Because the district court did not clearly state the terms of Plessel's sentence at the hearing, we consider the district court's sentencing orders, which clearly state the sentence imposed for each charge. *See id.*

This appeal followed. On appeal, the state only challenges the sentences imposed on the felony-theft-of-a-motor-vehicle and misdemeanor-underage-drinking-and-driving charges. It does not challenge the misdemeanor-theft sentence or its modification.

**D E C I S I O N**

We review sentences imposed by the district court for abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). "On appeal from the district court's denial of a rule 27.03 motion, this court will not reevaluate a sentence if the [district] court's discretion has been properly exercised and the sentence is authorized by law." *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011) (alteration in original) (quotation omitted), *review denied* (Minn. Apr. 27, 2011). Moreover, "[t]his court will not generally review a district court's exercise of its discretion to sentence a defendant when the sentence imposed is within the presumptive guidelines range." *Delk*, 781 N.W.2d at 428.

The sentences indicated by the sentencing grids in the Minnesota Sentencing Guidelines "are presumed to be appropriate for the crimes to which they apply. The [sentencing] court must pronounce a sentence within the applicable range unless there exist identifiable, substantial, and compelling circumstances to support a sentence outside the appropriate range on the applicable [g]rid." Minn. Sent. Guidelines 2.D.1 (2012). "[A] sentencing court has no discretion to depart from the sentencing guidelines unless aggravating or mitigating factors are present." *State v. Spain*, 590 N.W.2d 85, 88 (Minn. 1999).

A district court may depart from the sentencing guidelines by way of a dispositional departure or a durational departure. A dispositional departure "occurs when the court orders a disposition other than that recommended in the [g]uidelines." Minn. Sent. Guidelines 1.B.4.a (2012). And a durational departure "occurs when the court orders a sentence with a duration other than the presumptive fixed duration or range in the appropriate cell on the applicable [g]rid." *Id.*, 1.B.4.b (2012). The state argues that the sentencing court "ordered a dispositional and durational departure and made no findings in support of either."[2] We disagree, and analyze the state's argument for each of the challenged sentences in turn.

## I.    Felony theft of a motor vehicle

The parties do not dispute that Plessel was convicted of felony theft of a motor vehicle in violation of Minn. Stat. § 609.52, subd. 2(a)(1) (2012) and that Plessel had a criminal-history score of zero. The sentencing grid indicates a presumptive stayed sentence of one year and one day for a violation of section 609.52, subdivision 2(a)(1) with a criminal-history score of zero. *See* Minn. Sent. Guidelines 5.A (2012) (listing motor-vehicle theft under section 609.52, subdivision 2(a)(1) as a severity-level-four offense); *Id.*, 4.A (2012) (showing a presumptive stayed sentence of one year and one day

---

[2] The state also appears troubled that the district court imposed a sentence that differed from both the recommendations in the PSI and the parties' agreement. But the state did not discuss this issue in the argument section of its brief. *See McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) (explaining that arguments "allude[d] to" in a brief are waived when the party "fail[ed] to address them in the argument portion" of the brief). And we note that a sentencing court "may, in its discretion, refuse to accept a plea agreement and is not bound by a plea agreement as to any sentence to be imposed." *Johnson v. State*, 641 N.W.2d 912, 918 (Minn. 2002).

for severity-level-four offenses with zero criminal-history points).  In accordance with the guidelines (and with the recommendations of the PSI and the parties), the district court stayed imposition of Plessel's sentence under Minn. Stat. § 609.135 (2012).  There is no dispositional departure on this charge.  *See id.*, 1.B.4.a; *see also State v. Cizl*, 304 N.W.2d 632, 634 (Minn. 1981) (noting that, under previous versions of the statutes and sentencing guidelines, a stay of imposition under section 609.135 is not a departure).

The district court also ordered Plessel to serve 75 days in jail with credit for 75 days already served.  The state characterizes this provision as a gross-misdemeanor sentence on a felony-level charge.  *See* Minn. Stat. § 609.13, subd.1(1) (2012) (explaining that a felony conviction is deemed to be a gross-misdemeanor conviction if a gross-misdemeanor sentence is imposed).  It is true that, at sentencing, the district court referred to the 75 days in jail as a "sentence."  But the district court also clearly stated that it was staying the imposition of Plessel's sentence.  Instead of a downward-departure "sentence" under Minn. Stat. § 609.13, subd.1(1), the 75 days in jail was a condition of Plessel's probation, as contemplated in the PSI.  "[A]t the discretion of the [sentencing] court, up to one year of confinement and other non-jail sanctions can be imposed as conditions of probation."  Minn. Sent. Guidelines 4.A; *see also* Minn. Stat. § 609.135, subd. 4.  Because the district court ordered Plessel to serve 75 days in jail as a condition of probation, it did not order a durational departure from the guidelines sentence.  *See* Minn. Sent. Guidelines 1.B.4.b.

The district court imposed a sentence consistent with the Minnesota Sentencing Guidelines.  Because the district court did not depart from the guidelines, as the state

6

suggests, it was not required to make additional findings that would support a departure. *See id.*, 2.D.1.c ("In exercising the discretion to depart from a presumptive sentence, the [sentencing] court must disclose in writing or on the record the particular substantial and compelling circumstances that make the departure more appropriate than the presumptive sentence."). In addition, because the district court did not impose a downward departure, the state's citation to *State v. Esparza* is not on point. *See* 367 N.W.2d 619, 621 (Minn. App. 1985) (reversing and remanding for resentencing when the district court's original reasoning could not support its ordered downward departure).

## II.     Misdemeanor underage drinking and driving

Plessel was also convicted of underage drinking and driving in violation of Minn. Stat. § 169A.33, subd. 2 (2012). The relevant statute characterizes this crime as a misdemeanor, Minn. Stat. § 169A.33, subd. 3 (2012), but fails to provide a specific penalty. When a person is convicted of a misdemeanor offense for which no punishment is provided, that person may be sentenced to "imprisonment for not more than 90 days or to payment of a fine of not more than $1,000, or both." Minn. Stat. § 609.03(3) (2012).

The district court stayed imposition of a sentence on the misdemeanor-underage-drinking-and-driving charge, and ordered two years of probation. The state points to no authority suggesting that this sentence departs from the presumptive sentence for the crime, either in disposition or duration. *See id.* As stated above, because the district court did not depart from the presumptive sentence, it was not required to make findings supporting a departure. *See* Minn. Sent. Guidelines 2.D.1.c.

7

The district court did not abuse its discretion in sentencing Plessel in accordance with the Minnesota Sentencing Guidelines' presumptive sentence for felony theft of a motor vehicle and in accordance with section 609.03(3) for misdemeanor underage drinking and driving. *See Delk*, 781 N.W.2d at 428.

**Affirmed.**