*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0934**

State of Minnesota,
Respondent,

vs.

Toni Ann Olmstead,
Appellant.

**Filed December 8, 2014
Affirmed in part, reversed in part, and remanded
Chutich, Judge**

Hennepin County District Court
File Nos. 27-CR-10-18387
27-CR-12-22133

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Chutich, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Toni Ann Olmstead challenges the district court's imposition of consecutive 43-month and 46-month prison sentences for a probation violation. Because we hold that the district court correctly specified that both sentences were to run consecutively during the pertinent hearing, we affirm in part. But because the district court used an incorrect criminal history score in calculating the duration of the 46-month sentence, we reverse the imposition of that sentence and remand for resentencing.

## FACTS

Olmstead has a long history of felony stalking and harassment-related offenses against L.S. dating back to at least 2006, when she was first charged with felony stalking of L.S. and then convicted. In 2010, Olmstead was again charged with felony stalking of L.S. She pleaded guilty to one amended count of attempted stalking and one count of stalking. Olmstead was sentenced to a 19-month prison term on count one, followed consecutively by a 43-month prison term, stayed for a probationary period of five years, on count two.

In 2012, after serving the 19-month sentence and while on probation for the 43-month consecutive term, Olmstead was arrested at L.S.'s home and was again charged with felony stalking. She pleaded guilty to the lone count. The new felony conviction was deemed a violation of the terms of Olmstead's probation on the 2010 case.

On April 23, 2013, the district court held a joint hearing concerning the probation violation and sentencing for the new stalking conviction. Regarding Olmstead's

probation violation on her 2010 criminal conviction, Olmstead admitted that she violated the terms of her probation by committing the new stalking offense. The district court imposed a sanction of 365 days in jail with the opportunity for Olmstead to be furloughed to various treatment programs.

The district court then sentenced Olmstead for the new 2012 felony stalking conviction. During the sentencing hearing, the district court engaged in an extensive colloquy that addressed Olmstead's history of stalking the victim and the district court's reasoning for its sentencing decision. The district court sentenced Olmstead to a 46-month prison term and stayed execution of the sentence for six years. The sentence was a downward dispositional departure based on the availability of treatment and Olmstead's acceptance of responsibility. But the district court specifically warned Olmstead that she was "looking down a barrel of 46 months consecutive to the 43 months [she had] hanging over [her] head" should she commit any further violations of the probationary conditions.

Several months later, Olmstead violated the conditions of her probation and of the treatment program that she was in by consuming alcohol. She admitted to the violation, and in March 2014, the district court revoked the stays of Olmstead's 43-month and 46-month sentences. The district court executed the sentences and ordered that they run consecutively. This sentencing appeal followed.

# DECISION

## I.

"The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. Olmstead argues that the district court sentenced her to consecutive terms in contravention of Minnesota Statutes section 609.15, subd. 1 (2012). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Gilbert*, 634 N.W.2d 439, 441 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001).

Minnesota law provides:

> [W]hen separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

Minn. Stat. § 609.15, subd. 1. The district court is also required to "[s]tate precisely the terms of the sentence" at the time it imposes the sentence. Minn. R. Crim. P. 27.03, subd. 4(A); *see also State v. Wakefield*, 263 N.W.2d 76, 78 (Minn. 1978) (providing that "precise terms of the sentence" include whether multiple sentences are to run concurrently or consecutively).

"[T]he traditionally recognized goal of consecutive sentencing is to impose a longer single period of incarceration." *Pageau v. State*, 820 N.W.2d 271, 279 (Minn. App. 2012); *see also* Minn. Sent. Guidelines cmt. 2.F.01 (2012) ("Consecutive sentences

4

are a more severe sanction because the intent is to confine the offender for a longer period than under concurrent sentences."). Consecutive sentences are considered permissive if (1) the presumptive disposition for the current offense is commitment and (2) the current offense is being sentenced consecutively to a prior felony sentence that has not expired or been discharged if the prior felony conviction is for an offense eligible for permissive consecutive sentences. Minn. Sent. Guidelines 2.F.2.a.(1)(i) (2012). The stalking offense at issue here is an offense eligible for permissive consecutive sentencing. Minn. Sent. Guidelines 6 (2012).

Applying these principles here, we conclude that the district court correctly imposed consecutive sentences. During its sentencing colloquy in April 2013, the district court stated:

> I want to incorporate my sentencing structure on the probation file with this one. So, in essence, I'm going to try it this way. I'm going to order that you abide by all terms and conditions of [p]robation on File 27-CR-10-18387.
>
> To be clear, Madam, that means that the same conditions that I've imposed in [the sentencing] file will continue in [the probation violation] file. In other words[,] . . . a lot of these will become [moot] because you would have [ostensibly] completed your Metro Re-Entry, your 180, your Headway Emotional, etc., and you would have satisfied those things. But I'm incorporating those same orders into this file and so, if you violate those, you're also going to be in violation of this current sentence as well. *And then you're looking down a barrel of 46 months consecutive to the 43 months you hav[e] hanging over your head.*

(Emphasis added.) The district court specified that the sentences were to run consecutively when it explained the conditions of Olmstead's probation. Olmstead

5

argues that when the district court mentioned that the sentences would run consecutively, it had already completed pronouncing her sentence and, thus, the mention of the consecutive nature of the sentences was not part of the actual sentencing. This argument fails, however, because the district court continued to impose the exact terms of Olmstead's sentence, including all of the terms of her probation, after this point in the sentencing hearing.

Olmstead further contends that because the district court never mentioned the consecutive nature of the sentences in its written sentencing order, the sentences should be presumed to run concurrently. Minnesota law establishes, however, that "an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002) (quotation omitted). To be sure, the judgment and commitment order is evidence that "may be used to determine the intended sentence," but only "[w]hen an orally pronounced sentence is ambiguous." *Id.* (quotation omitted). The written order helps to "clarify an ambiguous oral sentence by providing evidence of what was said from the bench." *Id.* (quotation omitted).

Here, despite the length of the April 2013 sentencing transcript, the district court's intent to impose consecutive sentences, were they to be later executed, is clear. The entire record shows that the district court intended to offer Olmstead one last chance to receive treatment to stem her persistent pattern of stalking behavior before adopting the state's contention that the safety of the victim could only be assured by incarcerating

Olmstead for the longest possible period.  Accordingly, we affirm the district court's imposition of consecutive sentences.

**II.**

Olmstead next contends that the duration of the second consecutive term must be reduced from 46 months to 18 months to conform to the Minnesota Sentencing Guidelines and applicable caselaw.  We agree.

"For each felony offense sentenced consecutively to another felony offense(s), the court must use a Criminal History Score of 0, or the mandatory minimum for the offense, whichever is longer, to determine the presumptive duration."  Minn. Sent. Guidelines 2.F.2.a (2012).  Stalking in violation of Minnesota Statutes section 609.749, subdivision 4(b), is a severity level 5 offense.  Minn. Sent. Guidelines 5.A (2012).  In 2013, when Olmstead was sentenced, the presumptive sentence for a severity level 5 offense with zero criminal history points was 18 months.  Minn. Sent. Guidelines 4.A (2012) (sentencing grid).

Olmstead's consecutive sentence of 46 months for the 2012 offense was arrived at through an improper enhancement of her criminal history score to seven, using Olmstead's felony and custody status points.  This enhancement may only be used when sentencing concurrently, not when sentencing consecutively.  *See* Minn. Sent. Guidelines 2.F.2.a.  The consecutive sentence of 46 months must be reduced to 18 months to conform with section 2.F of the sentencing guidelines.

7

Because the district court incorrectly computed the sentence duration for Olmstead's consecutive sentence, we reverse the district court's imposition of the 46-month sentence and remand for resentencing.

**Affirmed in part, reversed in part, and remanded.**