*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0848**

State of Minnesota,
Respondent,

vs.

Mohamed Alpha Bah,
Appellant.

**Filed January 4, 2016
Affirmed
Larkin, Judge**

Hennepin County District Court
File Nos. 27-CR-12-3759, 27-CR-12-9268, 27-CR-11-40497

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the district court's order revoking his probation. We affirm.

**FACTS**

In April 2013, appellant Mohamed Alpha Bah pleaded guilty to first-degree burglary, offering a forged check, and fifth-degree controlled substance crime. The district court imposed a stayed, 58-month prison sentence for the burglary conviction and placed Bah on probation for five years. The district court stayed imposition of the sentences for the forged-check and controlled-substance convictions for three years. The district court ordered the following conditions of probation: remain law-abiding, abstain from alcohol use, and follow all probation rules, including reporting any contact with police to the supervising probation officer.

In October 2013, the state charged Bah with attempted fourth-degree criminal sexual conduct. The case was tried to a jury, and the jury acquitted Bah of that charge. After the trial, the district court issued an order for Bah's arrest and detention based on a report that Bah had violated probation. The report noted Bah's October 2013 charge and alleged that Bah was intoxicated at the time of the underlying incident and that he had failed to report his contact with law enforcement to his probation officer. Bah contested the failure to remain law-abiding violation and the need for revocation, and the district court held a contested probation-revocation hearing. The judge who presided over the revocation hearing was the same judge who presided over the jury trial of the October 2013 charge.

At the beginning of the revocation hearing, Bah objected to the district court basing its revocation decision on testimony from his criminal trial. Bah's attorney stated:

> [E]ssentially what's happening is [Bah is] standing trial for the same incident, although in the form of a [probation-revocation] hearing, but the same alleged incident that he was acquitted of.
>
> Further, the way that the process is taking place where the State is asking you, Your Honor, who presided over the trial to take into account testimony that occurred during the trial, it would be my position that that is essentially shifting the burden to Mr. Bah having to prove he's not in violation, rather than the other way around.

The district court rejected Bah's argument, reasoning that "[a]n acquittal at a criminal trial does not mean that the probation matter can't go forward." The district court explained that:

> With regard to going forward with my knowledge of the case, we talked about this before. The State could introduce a transcript because hearsay is admissible in a [probation-revocation] hearing. They could have [Bah's probation officer] review the transcript and tell me what she reads from it. Candidly that would be a waste of time. I have a clear recollection of the testimony. I have clear notes. This wasn't long ago that we had the trial.

The hearing proceeded, and the state presented testimony from Bah's probation officer. As to Bah's October 2013 charge, the prosecutor told the probation officer during direct examination that "the judge is familiar with those facts, so we don't need to get into those." The district court received several exhibits, including recordings of a 911 call from S.M., the alleged victim of the October 2013 incident, and a police interview of S.M. In his closing remarks, the prosecutor told the district court, "I don't believe I need to say too much. You heard the trial. You heard my closing argument at trial."

The district court found that the state had proved the following violations by clear-and-convincing evidence: failure to report police contact to probation, failure to abstain

3

from alcohol use, and failure to remain law-abiding. Regarding Bah's failure to remain law-abiding, the district court judge said, "I went through my notes and everything and each of the elements of [fourth-degree criminal sexual conduct] were proven at trial through testimony presented." The district court also found that the violations were intentional or inexcusable and the need for confinement outweighs the policies favoring probation. The district court revoked the stays of execution and imposition, and sentenced Bah to serve concurrent sentences of 58 months for his burglary conviction and 12 months and one day for each of his forged-check and controlled-substance convictions. Bah appeals.

## DECISION

Before revoking probation, the district court "must (1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). There must be clear-and-convincing evidence that a probation violation exists. Minn. R. Crim. P. 27.04, subds. 2(1)(c)b, 3(1). "The [district] court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *Austin*, 295 N.W.2d at 249-50.

Bah challenges the district court's finding regarding the first *Austin* factor. His argument focuses on the district court's reliance on its memory of S.M.'s trial testimony when determining whether a violation had been proved. He argues that the district court "essentially abrogated the state's responsibility to meet its burden of proving the violation"

4

by relying "solely on its notes and recollection of evidence at a trial that had resulted in [his] acquittal."

It would have been appropriate for the district court to receive evidence regarding S.M.'s trial testimony at the revocation hearing. *See* Minn. R. Evid. 1101(b)(3) (providing that Minnesota's evidentiary rules are inapplicable to probation-revocation proceedings); *State v. Johnson*, 679 N.W.2d 169, 171 (Minn. App. 2004) ("When the defendant has had ample opportunity to present evidence in a probation revocation hearing, the rules of evidence do not preclude admission of hearsay evidence . . . ."). But we question whether the district court should have relied on its recollection and notes regarding S.M.'s trial testimony. However, even if the district court erred by doing so, the recordings of S.M.'s statements, which were received as exhibits at the probation-violation hearing, provide alternative support for the district court's finding that Bah failed to remain law-abiding. In the 911 call, S.M. stated, "This guy just attacked me, just tried to rape me . . . . He tried choking me, and he bit me on my mouth. He tried to strangle me and tried to put his hands down my pants." In her police interview, S.M. stated, "He choked me, tried to put his hands down my pants, and he bit me on my face." S.M.'s recorded statements provide clear-and-convincing support for the district court's finding that Bah violated probation by failing to remain law-abiding.

Bah also argues that precedent precludes the district court from revoking probation based on the allegations supporting the October 2013 charge because he was acquitted of that charge. He relies on *State v. Weisberg*, 473 N.W.2d 381 (Minn. App. 1991), *review denied* (Minn. Oct. 11, 1991). In *Weisberg*, this court considered whether a district court

5

"abused its discretion by revoking probation for the same conduct for which [the probationer] had been charged and acquitted by reason of mental deficiency." 473 N.W.2d at 382. Weisberg pleaded guilty to sports bookmaking and, as a condition of his probation, was required to "remain law-abiding and have no same or similar violations." *Id.* at 382-83. While on probation, Weisberg was again charged with sports bookmaking. *Id.* at 382. A jury "found that Weisberg had engaged in sports bookmaking but acquitted him by reason of mental deficiency." *Id.* On a motion from the state, the district court revoked Weisberg's probation. *Id.* It is not clear what if any evidence the state offered to prove the probation violation. *See id.* at 382-83. This court reversed the revocation, concluding that, in light of Weisberg's acquittal, the district court "lacked the requisite factual basis for finding that [he] had engaged in a similar violation of the law." *Id.* at 383.

Bah argues that the facts of his case call for the same result. But unlike *Weisberg*, the district court here did not lack the requisite factual basis to find that Bah had violated probation. S.M.'s recorded statements provide clear-and-convincing support for the district court's finding that Bah violated probation by failing to remain law-abiding.

In sum, we disagree that the revocation should be reversed because Bah was acquitted of the October 2013 charge. The state was required to prove by clear-and-convincing evidence that Bah violated probation. *See* Minn. R. Crim. P. 27.04, subds. 2(1)(c)b, 3(1). Clear-and-convincing evidence is a lower standard of proof than proof beyond a reasonable doubt, and it requires only that the alleged facts be "highly probable." *Gassler v. State*, 787 N.W.2d 575, 583 (Minn. 2010) (quotation omitted). Thus, the jury's acquittal under the proof-beyond-a-reasonable-doubt standard did not preclude the district

6

court from determining that there was clear-and-convincing evidence that Bah committed the acts underlying the fourth-degree criminal sexual conduct charge.

Bah also challenges the district court's finding regarding the third *Austin* factor, whether the need for confinement outweighs the benefit of continued probation. "When determining if revocation is appropriate, courts must balance the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety, and base their decisions on sound judgment and not just their will." *State v. Modtland*, 695 N.W.2d 602, 606-07 (Minn. 2005) (quotations omitted).

> To insure that both the probationer's and the public's needs are served, the trial courts should refer to the following found in the American Bar Association Standards for Criminal Justice regarding probation:
>
> Grounds for and alternatives to probation revocation.
>
> (a) Violation of a condition is both a necessary and a sufficient ground for the revocation of probation. Revocation followed by imprisonment should not be the disposition, however, unless the court finds on the basis of the original offense and the intervening conduct of the offender that:
> (i) confinement is necessary to protect the public from further criminal activity by the offender; or
> (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Austin*, 295 N.W.2d at 251 (quoting A.B.A. Standards for Criminal Justice, Probation § 5.1(a) (Approved Draft 1970)).

The district court reasoned that Bah is not amenable to probation and is a "safety concern" and therefore found that the need for confinement outweighs the policies favoring

probation. Bah argues that the evidence shows only that he failed to tell his probation agent that he had police contact, that he consumed alcohol, and that he was found not guilty of a crime. He argues that there is no evidence that he poses an "appreciable" public-safety risk. And he notes that there was "scant discussion" of the need for correctional treatment and that there were "options here short of executing his sentence," such as local jail time.

Bah's arguments do not persuade us that the district court abused its discretion. Bah was convicted of three felonies and ordered to remain law-abiding as a condition of probation. There is clear-and-convincing evidence that while Bah was on probation, he choked and bit S.M. as he attempted to engage in nonconsensual sexual contact with her. In addition, Bah's probation officer testified that while Bah was on probation, he was charged with misdemeanor theft, admitted to smoking marijuana, missed urinalysis tests, and missed domestic-violence counseling sessions. On this record, the district court did not err by reasoning that Bah was not amenable to probation and posed a public-safety risk, and therefore finding that the need for confinement outweighs the policies favoring probation. Simply put, Bah's behavior shows that he cannot be counted on to avoid antisocial activity. *See id.* (stating that revocation requires a showing that the offender cannot be counted on to avoid antisocial activity).

In conclusion, the district court did not abuse its discretion by revoking Bah's probation.

**Affirmed.**