**STATE of Minnesota, Respondent,**

v.

**Robert DeWayne WAKEFIELD, Appellant.**

**No. 46832.**

Supreme Court of Minnesota.

Feb. 3, 1978.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson

and Phebe S. Haugen, and Lee W. Barry III, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn. St. 609.245, and was sentenced by the trial court to a term of 3 to 20 years in prison. Issues raised by defendant on this appeal from judgment of conviction are (1) whether there was, as a matter of law, insufficient evidence identifying defendant as the robber, (2) whether the trial court erred in excluding the results of a polygraph examination administered to defendant, and (3) whether the sentence should be presumed to run concurrently with a previously imposed Federal sentence. We affirm the judgment of conviction and hold that the sentence should be presumed to run concurrently with the previously imposed sentence.

■ 1. Defendant's contention that there was insufficient evidence is based primarily on the fact that the eyewitnesses described the robber as having a bruise or mark under his eye whereas two drug agents who had bought drugs from defendant the day of the robbery did not recall seeing any bruises on defendant's face. The testimony of these apparently disinterested witnesses for the defense is not necessarily inconsistent with the otherwise very strong evidence of defendant's guilt. This included positive identification testimony by two witnesses to the robbery and testimony by the other witness that defendant resembled the robber. Also, two witnesses to a robbery committed the following day apparently by the same man, called by defendant at trial for another purpose, positively identified defendant as the robber. In all, then, there was positive identification testimony by four witnesses.

■ 2. The issue relating to the admission of polygraph test results is settled by our recent decision in *State v. Hill*, Minn., 253 N.W.2d 378 (1977), where we refused to reconsider our longstanding rule against the admissibility of such evidence.

■ 3. The final issue is whether defendant's sentence should be deemed to run concurrently with his Federal sentence.

We held in *State v. Peterson*, 305 Minn. 478, 235 N.W.2d 801 (1975), that "[w]here a person convicted of separate crimes under both state and Federal laws is sentenced first by the state court, followed by sentencing by the Federal court without any determination by the state court as to whether the sentence was to run concurrently or consecutively to the Federal term, it is presumed the sentence is to be served consecutively to that imposed by the Federal court."

The instant case, however, is factually different in that here the state sentence was imposed *after* the Federal sentence. We hold in this situation that the state sentence must be presumed to run concurrently with the Federal sentence when there has been no specific determination by the trial court.

While there is some dictum in the *Peterson* opinion that might suggest a different result in this case, the only issue decided by *Peterson* was whether a sentence imposed by the state should run concurrently with a subsequently imposed Federal sentence.

Minn. St. 609.15, subd. 1, provides:

"When separate sentences of imprisonment are imposed on a defendant for two or more crimes, whether charged in a single indictment or information or separately, or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently."

By its plain wording that statute applies only to sentences imposed by Minnesota courts. However, we believe that the result

in the instant case is consistent with the philosophy underlying § 609.15 and with the approach of the A. B. A. Standards, which is that it is desirable that multiple sentences of imprisonment imposed by different courts be served at one time and under one correctional authority. A. B. A. Project on Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures, § 3.5.

In conclusion, we note that the problem presented by this appeal would now be avoided by the district court stating the "precise terms of the sentence," as now required by Rule 27.03, subd. 4, Rules of Criminal Procedure.[1] "Precise terms of the sentence" is meant to include such matters as "the length and type of disposition, * * whether multiple sentences are to run concurrently or consecutively, whether special treatment is contemplated as part of the sentence, the extent of any minimum term, and so on." Rule 27.03(4) Comment, A. B. A. Standards, Sentencing Alternatives and Procedures, § 5.6, iii, iv, Comment.

Affirmed; sentence to run concurrently.

IVERSON, J., took no part in the consideration or decision in this case.

---

1. The Rules of Criminal Procedure were adopted as of July 1, 1975, after the trial of this case.