STATE of Minnesota, Respondent,

v.

Joel Norman KRAFT, Appellant.

No. 82–1321.

Supreme Court of Minnesota.

Dec. 3, 1982.

Hertogs, Fluegel, Sieben, Storkamp, Polk & Jones, Hastings, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert Kelly, County Atty., Rebecca Hanson Frederick, Asst. County Atty., Stillwater, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal. Defendant seeks an order vacating or staying indefinitely the order that, as a condition of his probation, he serve probationary jail time. We affirm.

Early on November 14, 1981, defendant was driving in his car westbound on eastbound Highway 12 in Woodbury, Washington County, with his headlights off. One motorist driving eastbound on Highway 12 managed to avoid defendant's car, but the next car collided head-on with defendant's car. The driver of the other car suffered permanent injuries, and the passenger, a 35-year-old woman, died at the scene. Defendant was taken to a hospital, where he was treated for minor injuries. Analysis of a blood sample taken from defendant showed that he had a blood alcohol concentration of .15%.

On December 31, 1981, defendant was charged with criminal negligence resulting in death, Minn.Stat. § 609.21 (1980), which carries a statutory maximum prison term of 5 years.

Early in January of 1982 defendant, who is now 21, learned that he had acute promyelocytic leukemia. He received in-patient chemotherapy at the University of Minnesota Hospitals and his disease went into remission. At last report it still was in remission. Defendant apparently is still taking oral cancer medicine four times a week and injecting himself intramuscularly one time a week.

On August 23, defendant pleaded guilty to the charge in exchange for an agreement by the prosecutor that the prosecutor would remain silent at sentencing and that defendant would receive a Sentencing Guidelines sentence.

Following the acceptance of defendant's plea, a presentence investigation was conducted. The presentence investigation report given to the court stated that according to Dr. David Hurd, M.D., an oncologist at the University of Minnesota, about 20% to 35% of the patients with defendant's disease who have gone into complete remission will be long-term survivors and possibly cured of the disease.

The presumptive sentence for this offense (severity level V) by a person with defendant's criminal history score (zero) is 18 months stayed. The trial court adopted the recommendation of the probation officer who prepared the presentence investigation report and stayed imposition of sentence. He placed defendant on probation for 5 years, subject to a number of conditions, including that defendant spend the first 6 months of probation in jail.

Thereafter, defendant's attorney moved for reconsideration and/or a stay of the probationary jail term pending appeal. In support of the motion, the attorney pointed out that the probation officer had misinterpreted the information provided concerning defendant's prognosis. It appears that the 20% to 35% figure is the correct figure for people who have the usual form of acute promyelocytic leukemia, but that defendant has a very rare subtype called the microgranular variant. According to Dr. Hurd, a review of his experience with eight patients having that subtype showed that only three achieved temporary remission and that only one of the eight survived more than a year after diagnosis, that one dying 68 months after diagnosis. In an additional affidavit submitted with the motion for reconsideration, Dr. Hurd stated that although he had no scientific data to support his view, he personally felt that defendant would come into contact with more sick people in jail than at the college defendant was attending, that this would increase the risk of infection, and that if defendant got any infection he might have to be taken off chemotherapy until the infection could be treated successfully. He stated that he felt that going to college full time would not present the same risks.

The trial court did not modify its original sentence but ruled that while defendant's appeal was pending, defendant would only have to spend weekends in jail, starting at 7:30 p.m. on each Friday and ending at 1:30 p.m. on each Sunday. That order became effective on Friday, October 29, 1982. We refused to stay that order pending this appeal.

Defendant's basic argument on appeal is that, although the trial court did not depart from the presumptive sentence, the court's sentence nonetheless was unreasonable and arbitrary and, given defendant's physical condition, amounts to a sentence in violation of the eighth amendment's prohibition against cruel and unusual punishment.

There is no merit to the constitutional argument. The United States Supreme Court apparently has never ruled a sentence of imprisonment unconstitutional under the eighth amendment, at least when the sentence was within the statutory sentence limitation. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

In response to *Rummel*, a number of state courts have interpreted their state constitutional provisions dealing with cruel

and unusual punishment as providing more protection than the federal constitutional provision. However, defendant has not cited and we have not found any cases supporting the view that the trial court's sentence in this case was cruel and unusual. It might be cruel and unusual punishment to sentence a person with defendant's condition to jail if the court knew that defendant would thereby be deprived of adequate medical treatment for his condition. But the trial court specifically stated that he would release defendant from jail at any time that treatment, mental or physical, was needed.

We have indicated that ordinarily we will not interfere with a sentence that falls within the presumptive sentence range, either dispositionally or durationally, even if there are grounds that would justify departure. In *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), we stated:

> Minn.Stat. § 244.11 (1980) permits the appeal in this case and we do not intend entirely to close the door on appeals from refusals to depart. However, we believe that it would be a rare case which would warrant reversal of the refusal to depart. As we stated in *State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981), the Guidelines state that when substantial and compelling circumstances are present, the judge "may" depart. This means that the trial court has broad discretion and that we generally will not interfere with the exercise of that discretion.

Notwithstanding what we said in *Kindem,* we have the power, if the circumstances warrant, to modify a sentence given by the trial court, even if the sentence is within the presumptive sentence range.

The only conceivable ground for doing so here would be that defendant, because of his physical condition, is particularly unamenable to this form of incarceration at this time. *State v. Wright,* 310 N.W.2d 461 (Minn.1981). The trouble with this argument is that defendant is well enough to be going to college as a full-time student and the doctor's statement that defendant will be less susceptible to infection in col-

lege rather than in jail is an opinion that is apparently without scientific foundation.

In conclusion, we believe that the sentence was a lawful sentence and we decline the invitation to exercise our discretion and modify it. The trial court retains jurisdiction in the matter.

Affirmed.