STATE of Minnesota, Respondent,

v.

Dean Allen BENTLEY, Appellant.

No. 82–473.

Supreme Court of Minnesota.

Jan. 14, 1983.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Larry K. Mickelberg, County Atty., Moorhead, for respondent.

AMDAHL, Chief Justice.

This is an appeal by a criminal defendant, pursuant to Minn.Stat. § 244.11 (1980), from the trial court's refusal to depart dispositionally from the presumptive sentence and from the trial court's refusal to give defendant the full amount of jail credit that defendant believes he is entitled to. We affirm the sentence but direct the Commissioner of Corrections to give defendant credit for time spent in jail in Minnesota awaiting trial following defendant's release on parole by North Dakota authorities.

On July 29, 1980, defendant and another man escaped from a halfway house in Fargo, North Dakota, stole a truck and drove to Barnesville, where they broke into a hardware store and took money and guns. Defendant was subsequently charged in Minnesota with burglary with a tool and felony theft. Eventually, defendant pleaded guilty to felony theft and a reduced charge of simple burglary.

Burglary, the more serious of the two offenses, is a severity level IV offense. Defendant's criminal history score at the time of sentencing was six or more. The presumptive sentence for a severity level IV offense by a person with a criminal history score of six or more is 41 (37–45) months in prison, with sentence executed. Defense counsel argued for a stay of execution of sentence, with defendant being placed on probation

for 5 years and with the probation conditioned on defendant's serving time in the workhouse and receiving treatment at a state hospital. The trial court, however, sentenced defendant to an executed term of 45 months in prison, which is the maximum permissible term in the absence of aggravating circumstances.

As defendant points out, a sentencing court may stay execution of a presumptively executed sentence if the facts indicate that the defendant is particularly amenable to treatment in a probationary setting. *See State v. Trog,* 323 N.W.2d 28 (Minn.1982); *State v. Wright,* 310 N.W.2d 461 (Minn.1981). However, in *State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981), we stated that although "we do not intend entirely to close the door on appeals from refusals to depart * * * * we believe that it would be a rare case which would warrant reversal of the refusal to depart." *See also State v. Freyer,* 328 N.W.2d 140 (Minn.1982); *State v. Kraft,* 326 N.W.2d 840 (Minn., 1982). In this case the sentencing court clearly was not obligated to depart dispositionally and place defendant on probation.

The state in its brief implicitly concedes that defendant is entitled to credit for time spent in jail in Minnesota after August 7, 1981, when petitioner was paroled by North Dakota authorities to and including January 27, 1982, when petitioner was sentenced by the trial court. *State v. Lindsey,* 314 N.W.2d 823 (Minn.1982), supports this implicit concession and supports the view that defendant is not entitled to credit for time spent in prison in North Dakota before he was paroled to Minnesota authorities. *See also* Minn.R.Crim.P. 27.03, subd. 4.b. The Commissioner of Corrections should credit defendant with time spent in jail in Minnesota between August 7, 1981, and January 27, 1982.

Affirmed.