STATE of Minnesota, Respondent,

v.

Samuel Kenneth WILLIS,
Petitioner, Appellant.

No. CX–84–1231.

Supreme Court of Minnesota.

Nov. 15, 1985.

C. Paul Jones, Minn. State Public Defender, Steven P. Russett, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Minn. Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Anne E. Peek, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant was convicted of murder in the second degree, Minn.Stat. § 609.19 (1982), and assault in the second degree, Minn.Stat. § 609.222 (1982), and was sentenced to serve concurrent terms of 120 and 60 months. The Minnesota Court of Appeals affirmed the conviction over defendant's challenges to: (1) the sufficiency of the evidence; (2) the admission of defendant's prior convictions for impeach-

ment purposes; (3) the suppression of the murder victim's prior arrests and convictions; and (4) the trial court's denial of jail credit. We granted defendant's petition for further review and now upon the grounds stated by the Court of Appeals affirm its determination on the issues of sufficiency of evidence, the admission of prior convictions, and the suppression of evidence of the murder victim's prior arrests and convictions. However, we reverse the holding of the Court of Appeals that defendant is not entitled to jail credit. We therefore affirm defendant's conviction and modify his sentence.

The events leading to the Minnesota convictions are set forth in *State v. Willis,* 362 N.W.2d 382 (Minn.App.1985). Immediately after the Minnesota offenses occurred, appellant fled to Illinois where, on November 22, 1982, he was arrested on charges unrelated to the Minnesota offenses. He failed to post bail and remained in custody. On December 20, 1982, a complaint and warrant were filed in Hennepin County, Minnesota, charging appellant with second-degree murder. Minnesota requested that he be extradited and the Governor of Illinois issued a rendition warrant on February 3, 1983, but appellant continued in Illinois detention pending disposition of the Illinois charges. On December 28, 1983, appellant was acquitted of the Illinois charges and on January 18, 1984, he was formally extradited to Minnesota.

At sentencing after being convicted in Minnesota, defendant requested credit against the Minnesota sentences for time he was in custody in Illinois. The sentencing court denied that request.

Defendant's contention is that he is entitled to jail credit for time he was incarcerated in Illinois prior to his return to Minnesota for trial. Our task is to determine

what incarceration time of Willis in Illinois was "in connection with the offense or behavioral incident for which sentence is imposed" in Minnesota. *State v. Mattson,* 376 N.W.2d 413, 415 (Minn.1985). That incarceration time can be readily divided into three distinct periods:

(1) The time from his arrest in Illinois on November 22, 1982, on Illinois charges unrelated to the Minnesota offenses, until such time as the Minnesota request for his extradition was brought to the attention of Illinois officials who then held defendant for Minnesota.[1]

(2) The date from which defendant was first held for Minnesota to December 28, 1983, when he was acquitted of the Illinois charges.

(3) The time of incarceration from December 28, 1983, to January 18, 1984, when he was released to Minnesota authorities.

■ Clearly, the incarceration in time period 1 was not in connection with the offenses for which defendant was sentenced in Minnesota, and thus defendant is not entitled to any credit for that time against his Minnesota sentence.

■ It is equally clear that during time period 2, defendant was held both on the Illinois charges and on a Minnesota hold. Bail had been set on the Illinois charge before the Minnesota hold was imposed, but defendant did not post bail. In *State v. Brown,* 348 N.W.2d 743, 748 (Minn.1984), we recognized that jail credit should be given for time spent in jail in another state solely in connection with the offense of sentencing while awaiting extradition for prosecution and went on to say:

Of course, if part of the time defendant spent in jail in Illinois was in connection

---

**1.** The record shows that the Governor of Illinois executed a rendition warrant on February 3, 1983. However, defendant was not released to Minnesota at that time but was held in Illinois pending disposition of the Illinois charges. The record does not reflect what date Illinois authorities were first officially notified of the request for extradition or a request that defendant be held for Minnesota authorities. The time the

holding for Minnesota began does not appear in the record, but the exact dates are not important in view of today's ruling that defendant is not entitled to credit during the time he is held on both Minnesota and Illinois charges. Nevertheless, we call attention to the fact that the defendant carries the burden of establishing that he is entitled to jail credit for detention for any specific period of time.

with an Illinois charge, he would not be entitled to a credit for that time. *See State v. Bentley*, 329 N.W.2d 39 (Minn. 1983) * * *.

Defendant is not entitled to jail credit for the time of incarceration during period 2.

It is also uncontroverted that the acquittal on the Illinois charges terminated any Illinois hold upon the defendant. Thus, the sole reason for holding him during period 3 was the Minnesota hold. He is therefore entitled to a credit of 21 days against both his Minnesota concurrent sentences. *See State v. Dulski*, 363 N.W.2d 307 (Minn.1985); *State v. Patricelli*, 357 N.W.2d 89 (Minn.1984).[2]

PETERSON and WAHL, Justices, took no part in the consideration or decision of this case.

**2.** *Dulski and Patricelli* each involve jail credit against concurrent sentences and each also involves a State of Minnesota hold issued out of one Minnesota county for a defendant held on a separate criminal charge issued out of another Minnesota county. In each case, the State of Minnesota was a party to both of the criminal charges. In the instant case, however, the defendant was held on criminal charges issued in one state and a hold was placed upon him for unrelated charges issued out of another state. In the latter case, *State v. Brown* controls and, in the former case, *Dulski and Patricelli* control.