**STATE of Minnesota ex rel. Dennis Darol LINEHAN, petitioner, Appellant,**

v.

**Frank WOOD, et al., Respondents.**

**No. C9–86–334.**

Supreme Court of Minnesota.

Dec. 19, 1986.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, St. Paul, for appellant.

C. Paul Jones, State Public Defender, Ann McDiarmid, Asst. State Public Defender, Minneapolis, for respondents.

AMDAHL, Chief Justice.

We granted the state's petition for review in order to decide whether the Court of Appeals erred in awarding a prisoner, Dennis Darol Linehan, credit against his Minnesota sentence for time spent in prison in Michigan for a Michigan offense that Linehan committed after escaping from prison in Minnesota. We reverse the Court of Appeals and reinstate the decision of the trial court.

Linehan pleaded guilty in 1965 to kidnapping. The charge was based on Linehan's taking a 14-year-old girl from her home for the purpose of raping her. During the course of that crime, Linehan strangled the girl, causing her death. Linehan was sentenced to a 40-year prison term, with a scheduled expiration date of October 28, 1992. In 1975 Linehan escaped from Stillwater and went to Michigan, where he was convicted of attempting to rape a 12-year-old girl and was sentenced to a concurrent term of 6½ to 10 years. Minnesota authorities declined to extradite Linehan and try him for escape but did file a detainer. In 1980, after completing his Michigan term, Linehan was returned to Minnesota to finish his Minnesota sentence, now with a scheduled expiration date that was revised upward to take account of the time between his escape from and return to prison in Minnesota.

In 1985 Linehan petitioned for habeas corpus seeking credit against his Minnesota sentence for time served in prison in Michigan. The trial court denied the petition, relying on *State v. Willis*, 376 N.W.2d 427 (Minn.1985); *State v. Brown*, 348 N.W.2d 743 (Minn.1984); and *State v. Bentley*, 329 N.W.2d 39 (Minn.1983).

The Court of Appeals, in a 2–1 decision, reversed, relying primarily on *State v. Dulski*, 363 N.W.2d 307 (Minn.1985). *State ex rel. Linehan v. Wood*, 394 N.W.2d 152 (Minn.App.1986). The dissent argued that the cases relied upon by the trial court controlled. 394 N.W.2d at 155–56.

We believe that the trial court was correct in concluding that under *Willis*, *Brown* and *Bentley*, Linehan is not entitled to credit for time spent in prison in Michigan.

Reversed and decision of trial court reinstated.