HUDSON, Justice.
This case involves the issue of whether a defendant can receive custody credit against her Minnesota sentence for time spent in the custody of the Red Lake Nation. Appellant Misty Kay Roy was convicted of third-degree controlled-substance crime in 2011 in Beltrami County District Court. The district court stayed imposition of her sentence and placed her on probation. In 2017, while she was still on probation for her Minnesota offense, Roy was convicted of two gross misdemeanors in Red Lake Tribal Court. She served her sentence in the Red Lake Detention Center and was released directly to Beltrami County, because the district court had revoked her stay. Roy asked the district court to grant her credit for her incarceration time in the Red Lake Detention Center against her district court sentence for third-degree controlled-substance crime. The district court held that Roy was not entitled to custody credit for time served in Red Lake, and the court of appeals affirmed. We hold that Roy is not entitled to custody credit against her Minnesota sentence for the time she spent in Red Lake custody, because her Minnesota conviction was not the sole reason for her Red Lake custody. Accordingly, we affirm.
*344 FACTS
In 2011, Roy was charged with third-degree controlled-substance crime, Minn. Stat. § 152.023, subd. 1 (2018), in Beltrami County District Court after she sold Oxycodone to a confidential informant. Roy pleaded guilty, and the district court convicted her of third-degree controlled-substance crime. The district court stayed imposition of sentence and placed Roy on probation for 20 years.
The Red Lake Band of Chippewa Indians is a federally recognized Indian tribe with a reservation within Minnesota. On July 15, 2017, Roy was charged in Red Lake Tribal Court with committing two gross misdemeanors while on the Red Lake Reservation. Roy was convicted of both counts and released pending sentencing. On September 14, 2017, Roy's corrections agent filed a probation-violation report, alleging that Roy violated her probation, in part by failing to remain law-abiding, based on her Red Lake convictions. On September 15, 2017, the district court revoked the stay of imposition of sentence for Roy's 2011 conviction. The court ordered that Roy be apprehended and taken into custody. Roy was not, however, immediately taken into Beltrami County custody. Roy was sentenced in Red Lake Tribal Court on October 5, 2017, and her sentence at the Red Lake Detention Center began on October 22. Roy was released directly from Red Lake custody to Beltrami County custody on November 12, 2017.
On November 27, 2017, Roy appeared in district court and requested that her 2011 sentence be executed and that she be given custody credit for the time she served from October 22, 2017, to November 12, 2017 (21 days) in the Red Lake Detention Center. The district court sentenced Roy to 21 months in prison. It granted Roy 86 days of custody credit, which included the time she had previously served in Beltrami County detention from 2011 to 2017, as well as the time she had served since being taken into custody by Beltrami County on November 12, 2017. But the court denied Roy credit for the time she served in the Red Lake Detention Center. The court said that it was the law, and "not just a policy," to decline to extend credit for time served in Red Lake detention because Red Lake is a sovereign nation.
The court of appeals affirmed. State v. Roy , 920 N.W.2d 227, 232 (Minn. App. 2018). Applying the interjurisdictional rule for jail credit, the court of appeals held that Roy was not entitled to credit on her Minnesota sentence for time she spent in the Red Lake Detention Center because that time was not being served solely in connection with a Minnesota offense. Id. at 230-31. We granted Roy's petition for review.
ANALYSIS
We must decide whether Roy should receive credit against her Minnesota sentence for the time she spent in the Red Lake Detention Center. The district court's decision whether to award custody credit "is a mixed question of fact and law; the court must determine the circumstances of the custody the defendant seeks credit for, and then apply the rules to those circumstances." State v. Johnson , 744 N.W.2d 376, 379 (Minn. 2008). We review the factual findings of the district court for clear error, but we review questions of law, such as the interpretation of the rules of criminal procedure, de novo. Id.
A defendant bears the burden of establishing that she is entitled to credit for time spent in custody. State v. Clarkin , 817 N.W.2d 678, 687 (Minn. 2012). The district court does not have discretion on whether to award custody credit.
*345 Johnson , 744 N.W.2d at 379. A criminal defendant is entitled to custody credit for time spent in custody "in connection with the offense or behavioral incident being sentenced." Minn. R. Crim. P. 27.03, subd. 4(B) ; see also Minn. Stat. § 609.145, subd. 2 (2018) ("A sentence of imprisonment upon conviction of a felony is reduced by the period of confinement of the defendant following the conviction and before the defendant's commitment to the commissioner of corrections for execution of sentence unless the court otherwise directs."). This "credit must be deducted from the sentence and term of imprisonment and must include time spent in custody from a prior stay of imposition or execution of sentence." Minn. R. Crim. P. 27.03, subd. 4(B).
When determining whether to award custody credit, we distinguish between intrajurisdictional custody (custody within Minnesota) and interjurisdictional custody (custody outside of Minnesota). In evaluating credit for intrajurisdictional custody, we seek to avoid four potential concerns: "de facto conversion of a concurrent sentence into a consecutive sentence; indigent persons serving effectively longer sentences as a result of their inability to post bail; irrelevant factors ... affecting the length of incarceration; and manipulation of charging dates by the prosecutor so as to increase the length of incarceration." Johnson , 744 N.W.2d at 379.
We apply a different test for determining interjurisdictional custody credit. For a defendant to receive credit on a Minnesota sentence for time spent in another jurisdiction's custody, the defendant's Minnesota offense must be "the sole reason" for the custody. State v. Mattson , 376 N.W.2d 413, 416 (Minn. 1985) ; see also State ex rel. Linehan v. Wood , 397 N.W.2d 341, 342 (Minn. 1986) ; State v. Willis , 376 N.W.2d 427, 428-29 (Minn. 1985) ; State v. Brown , 348 N.W.2d 743, 748 (Minn. 1984).
Roy argues that, on these facts, we should apply our intrajurisdictional rule rather than the interjurisdictional rule. A threshold question before we can apply either rule is whether the Red Lake Nation is within the jurisdiction of the State of Minnesota. It is not.
Although-as Roy argues-the Red Lake Nation is within the borders of the state of Minnesota, it is an independent sovereign nation with jurisdiction over the members of its tribe. See Red Lake Band of Chippewa Indians v. State , 311 Minn. 241, 248 N.W.2d 722, 726 (1976). The federal government specifically exempted Red Lake from Minnesota's criminal jurisdiction "over offenses committed by or against Indians in the areas of Indian country," 18 U.S.C. § 1162(a) (2012), because Red Lake never ceded jurisdiction.[1] The Red Lake Nation has jurisdiction to prosecute tribal members for crimes committed within the reservation's boundaries, and Minnesota does not. Id. Because the Red Lake Nation is a separate sovereign jurisdiction, the interjurisdictional rule applies.
Under the test for determining interjurisdictional custody credit, a defendant can only receive credit for time spent in the custody of another jurisdiction if the time was served solely in connection with the Minnesota offense.
*346 Mattson , 376 N.W.2d at 416. It is undisputed that the time Roy spent in the Red Lake Detention Center was in connection with her two Red Lake convictions. Therefore, Roy's Minnesota conviction cannot be the sole reason for her detention, and the time she spent in the Red Lake Detention Center does not qualify for custody credit. See Willis , 376 N.W.2d at 428-29 (holding that the defendant was not entitled to custody credit for time he was held in Illinois "both on the Illinois charges and on a Minnesota hold").
Roy's argument that she is entitled to custody credit under the interjurisdictional rule clearly fails. Roy makes two arguments in an attempt to avoid this result. First, she argues that denying her credit for the time she served in the Red Lake Detention Center would transform her sentences into de facto consecutive sentences and would increase the length of her incarceration based on irrelevant factors that are subject to manipulation. But these are factors we consider when we apply the intrajurisdictional custody credit rule, not the interjurisdictional rule. Compare Johnson , 744 N.W.2d at 379 (applying the intrajurisdictional rule), with Willis , 376 N.W.2d at 428-29 (applying the interjurisdictional rule). We have previously refused to apply the factors from the intrajurisdictional custody credit test to a case involving interjurisdictional custody credit. See Linehan , 397 N.W.2d at 342. We decline to consider those factors here.
Second, Roy argues that even if the interjurisdictional rule applies, it is not a "hard and fast rule[ ]." She claims that we have awarded credit against a Minnesota sentence for time that a defendant spent in custody in connection with another jurisdiction's charges if both jurisdictions "prefer concurrent sentencing and neither says a sentence is to be run consecutive." As support, Roy cites State v. Wakefield , 263 N.W.2d 76, 77 (Minn. 1978).
In Wakefield , the defendant was first sentenced for a federal offense and was then sentenced for a Minnesota offense. Id . The Minnesota district court did not specify whether his Minnesota sentence was concurrent or consecutive to his federal sentence. Id. We "h[e]ld in this situation that the state sentence must be presumed to run concurrently with the Federal sentence when there has been no specific determination by the trial court." Id.
Here, Roy's Red Lake Tribal Court sentence was imposed on October 5, 2017, and Beltrami County District Court imposed an executed 21-month sentence for third-degree controlled-substance crime on November 27, 2017. Roy argues that because the district court did not specify whether her Minnesota sentence was concurrent or consecutive, it is presumed to be concurrent. See Minn. Stat. § 609.15, subd. 1(a) (2018). Just like in Wakefield , Roy argues that she is entitled to custody credit against her Minnesota sentence for the time she spent in the Red Lake Detention Center.
We do not find Wakefield persuasive because Wakefield is not a custody credit case. It involved the related, but separate issue, of concurrent versus consecutive sentencing. In Wakefield , the question was whether a defendant who had a second sentence imposed (his Minnesota sentence) while he was serving another sentence (his federal sentence) should have these sentences run concurrently, rather than having to serve the second sentence after the first one was complete. 263 N.W.2d at 77. Wakefield did not address what custody credit the defendant should have received for any time he spent in federal custody before receiving his Minnesota sentence. See id. at 77-78.
*347 Moreover, it is unclear what the district court could have made Roy's Minnesota sentence concurrent or consecutive to. In order for a sentence to be concurrent or consecutive, the defendant must be subject to another sentence at the time the court imposes the second sentence. See Minn. Stat. § 609.15, subd. 1(a) (stating that "when separate sentences of imprisonment are imposed on a defendant for two or more crimes ... or when a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime," the court must state whether the later "sentences shall run concurrently or consecutively"); Minn. Sent. Guidelines 2.F (stating that the presumption for concurrent sentencing applies "when an offender is convicted of multiple current offenses, or when there is a prior felony sentence that has not expired or been discharged"). When the district court sentenced Roy to 21 months in prison, she had been released from the Red Lake Detention Center. At that time, the district court sentenced Roy for only one offense. Roy has not demonstrated that she was subject to any other sentence when the district court imposed this sentence. Wakefield therefore does not apply to the circumstances present here.
Given the unique and sovereign status of the Red Lake Nation, the interjurisdictional rule applies to Roy's custody credit calculation.[2] Under that rule, Roy is not entitled to custody credit against her Minnesota sentence for the time she spent in the Red Lake Detention Center.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.
Concurring, Thissen, J.
CONCURRENCE

This federal statute is the codification of Public Law Number 83-280, 67 Stat. 588, 588-90, commonly known as Public Law 280, which was a transfer of legal authority from the federal government to state governments that changed the division of jurisdiction between the federal and state governments. 18 U.S.C. § 1162(a). In Public Law 280, Minnesota was granted criminal jurisdiction over most offenses committed on all the tribal lands in Minnesota except Red Lake. See id.

Roy also argues that the district court's denial of credit violated her right to equal protection under the law because non-Indian probationers who committed the same conduct on the reservation would have received credit against their sentences. Roy did not raise an equal protection claim before the district court. We decline to reach Roy's equal protection claim because she raised it for the first time on appeal. See State v. Sorenson , 441 N.W.2d 455, 457 (Minn. 1989).