THISSEN, Justice (concurring).
I concur in the decision that appellant Misty Roy is not entitled to jail credit on her 2011 third-degree controlled-substance conviction for the time she spent in the custody of the Red Lake Nation in 2017. I agree that the time spent in the custody of the Red Lake Nation was not "in connection with" the 2011 third-degree controlled-substance conviction. Accordingly, Roy is not entitled to jail credit under Minn. R. Crim. P. 27.03, subd. 4(B) (stating that a criminal defendant is entitled to custody credit for time spent in custody "in connection with the offense or behavioral incident being sentenced"). I write separately to make clear what the court does not-and cannot-decide today.
Our decisions on jail credit have evolved significantly over the last several decades. Minnesota Rule of Criminal Procedure 27.03, subd. 4(B), was adopted in 1975. The current rule provides:
When pronouncing sentence the court must ... [s]tate the number of days spent in custody in connection with the offense or behavioral incident being sentenced. That credit must be deducted from the sentence and term of imprisonment....
(Emphasis added.)[1] Our early 1980s "jail credit" decisions focused narrowly on *348 Rule 27.03 and the question the court addresses today: Was the defendant held in custody "in connection with" the offense being sentenced? See, e.g. , State v. Brown , 348 N.W.2d 743, 747-48 (Minn. 1984) (remanding to give credit for time spent in Illinois jail when the district court found that time was spent in connection with Minnesota offense); Escobedo v. Oleisky , 339 N.W.2d 263, 263 (Minn. 1983) (giving credit for time spent in juvenile detention in connection with offense); State v. Lindsey , 314 N.W.2d 823, 825 (Minn. 1982) (concluding that defendant could be entitled to jail credit, depending on factual finding to be made by the Commissioner of Corrections).
Beginning in the mid-1980s, we took notice of the legislatively imposed sentencing guidelines that shifted Minnesota from indeterminate sentencing to a determinate system and recognized that a separate ground for authorizing jail credit existed: preventing de facto sentencing departures by the conversion of concurrent sentences into consecutive sentences. State v. Dulski , 363 N.W.2d 307, 309-10 (Minn. 1985) ; State v. Patricelli , 357 N.W.2d 89, 94 (Minn. 1984). In Dulski , we identified the concern about the conversion of concurrent sentences into consecutive sentences as a "more important[ ]" consideration for jail credit than the "in connection with" standard set forth in Rule 27.03, subd. 4(B). 363 N.W.2d at 309.
We further noted that allowing such a de facto departure departs from the value of proportionate sentencing underlying the sentencing guidelines:
In any event, since the Carlton County sentence must be presumed to be a concurrent sentence, defendant was entitled to receive the credit he sought against both the Carlton County sentence and the Ramsey County sentence. Any other result would mean that the length of time served on the sentence for the first offense would turn on when the sentence is executed, something which is subject to manipulation and to irrelevant factors such as whether the defendant pleads guilty or insists on his right to a trial and whether he has to be transported from one county to another for the revocation proceeding.
Id. at 310 ; see Minn. Sent. Guidelines § 1.A ("The purpose of the Sentencing Guidelines is to establish rational and consistent sentencing standards that promote public safety, reduce sentencing disparity, and ensure that the sanctions imposed for felony convictions are proportional to the severity of the conviction offense and the offender's criminal history.").
By 1990, we acknowledged this shift in analysis explicitly:
We have re-addressed the issue of credit in a series of cases since the adoption of the Sentencing Guidelines. At first we focused on whether the time in jail was served "in connection with" the offense of conviction against which credit was sought. State v. Vaughn , 361 N.W.2d 54, 59 (Minn. 1985). Later decisions shifted the focus to insuring that denial of that jail credit did not in effect convert a presumptively concurrent sentence into a de facto consecutive sentence and that the total length of time the defendant served did not turn on irrelevancies or on things subject to manipulation by the prosecutor.
State v. Goar , 453 N.W.2d 28, 29 (Minn. 1990) ; see also State v. Weber , 470 N.W.2d 112, 114 (Minn. 1991) ("[I]n the years following *349 the adoption of the Sentencing Guidelines this court has rethought the general issue of entitlement to jail credit."). Notably in Goar , the defendant was awarded jail credit for an offense that was unrelated to the offense on which he was sentenced. 453 N.W.2d at 29 ; see also id. at 30 (Kelley, J., dissenting).
Later, in Asfaha v. State , we held that a defendant is entitled to jail credit for time spent at a treatment facility in which the level of confinement was equivalent to that of a jail. 665 N.W.2d 523, 523-24 (Minn. 2003). We reasoned that "[f]airness and equity require that jail credit be granted ... so as to not elevate form over substance.... Courts should be guided by considerations of fundamental fairness and not labels in dealing with custody credit issues." Id . at 527-28 (internal quotation marks omitted) (citation omitted); see also State v. Johnson , 744 N.W.2d 376, 379 (Minn. 2008) ("The policy behind giving custody credit is to ensure fairness and proportionality in sentencing.").
In short, our jurisprudence has evolved from the mid-1980s such that jail credit is properly awarded if the defendant was in custody "in connection with" the offense being sentenced or if failing to award jail credit results in a de facto departure under the sentencing guidelines by converting a concurrent sentence into a consecutive sentence. In fact, this distinction is embedded in the sentencing guidelines rules concerning concurrent/consecutive sentences. A concurrent sentence is presumed in cases when (1) "an offender is convicted of multiple current offenses" or (2) "there is a prior felony sentence that has not expired or been discharged." Minn. Sent. Guidelines 2.F. Moreover, the overarching concern in awarding jail credit is to ensure the proportionality in sentencing that the Legislature intended when it adopted the sentencing guidelines as well as fundamental fairness and equity.
Considering this evolution in our approach to jail credit and the value we now place on proportionality, fundamental fairness, and avoiding de facto upward departures, the dichotomy between the interjurisdictional rule (when the defendant is held in custody in a different jurisdiction on a non-Minnesota crime) and the intrajurisdictional rule (when the defendant is held in custody in Minnesota) is unsupportable. For purposes of jail credit, there is no principled reason to treat a person held in custody on a controlled-substance violation by Red Lake authorities (or by another state for that matter) any differently from a person held in custody by Minnesota authorities for the same offense. See State v. Garcia , 683 N.W.2d 294, 301 (Minn. 2004) (extended jurisdiction juvenile provision expressly precluding jail credit for time spent in a juvenile facility violated Equal Protection Clause).
We have not addressed the interjurisdictional rule since 1986.[2] That year, we issued a one-page opinion in State ex rel. Linehan v. Wood , 397 N.W.2d 341 (Minn. 1986). Without extended analysis, we held that a defendant who had escaped from a Minnesota prison and was arrested and imprisoned in Michigan should not get credit against the remainder of his initial *350 Minnesota prison sentence for his time in a Michigan prison. Id. at 342. We applied the rule articulated in State v. Willis , 376 N.W.2d 427 (Minn. 1985), that a defendant is entitled to jail credit in another state for time he is held only "in connection with" a Minnesota offense. Linehan , 397 N.W.2d at 342.
The issue of conversion of a concurrent sentence into a consecutive sentence was not squarely raised in either Willis or Linehan . In Willis , the Illinois court acquitted the defendant of the Illinois charge, so there was no sentence to which the subsequent Minnesota sentence could run concurrently. 376 N.W.2d at 429 & n.2.[3] In Linehan , we conducted no analysis of the concurrent/consecutive rationale and, in fact, Linehan was not entitled to a presumptive concurrent sentence for his preexisting Minnesota crime. See Minn. Sent. Guidelines II.F (1985); Minn. Sent. Guidelines II.F (1980).
In addition, since 1978, we have recognized that a state sentence imposed for an offense subsequent to a federal sentence should run concurrent to that federal sentence. State v. Wakefield , 263 N.W.2d 76, 77-78 (Minn. 1978). Indeed, a presumption that Minnesota sentences run concurrently has been the law in Minnesota since the adoption of the modern criminal code in 1963. That year, Minnesota enacted Minn. Stat. § 609.15, which in subdivision 1 reversed the presumption that sentences should run consecutively. Act of May 17, 1963, ch. 753, art. I, 1963 Minn. Laws 1185, 1196; Advisory Comm. on Revision of the Criminal Law, Proposed Minnesota Criminal Code 54 (1962). And in Wakefield , we expanded the rule to sentences of imprisonment served in jurisdictions outside of Minnesota. 263 N.W.2d at 77-78.
The practical import of Wakefield is that Minnesota courts should give jail credit for time spent in non-Minnesota custody on non-Minnesota offenses where the second sentence is to run concurrent to the first. Notably, Wakefield involved a crime committed before the adoption of Minn. R. Crim. P. 27.03, subd. 4(B), and so we did not consider the "in connection with" test that we applied in our later interjurisdictional cases. Linehan , 397 N.W.2d at 342 ; Willis , 376 N.W.2d at 428-29 ; State v. Mattson , 376 N.W.2d 413, 415-16 (Minn. 1985) (awarding credit for time spent in Wisconsin jail on hold for Minnesota offense); Brown , 348 N.W.2d at 747-48 (remanding to award credit for time spent in Illinois jail awaiting extradition on Minnesota charge when district court found that the Illinois time was in connection with the Minnesota charge); State v. Bentley , 329 N.W.2d 39, 40 (Minn. 1983) (declining to award credit under Minn. R. Crim. P. 27.03, subd. 4(B), for time spent in North Dakota jail for North Dakota offense). Wakefield remains good law in this state. In fact, awarding jail credit for time spent in custody in another jurisdiction on an unrelated, non-Minnesota offense when the second sentence is to run concurrent with the first is more consistent with our longstanding precedent than a rule that treats defendants held in custody outside of *351 Minnesota on unrelated charges differently than defendants held in Minnesota custody on unrelated charges.
All that said, the validity of the interjurisdictional/intrajurisdictional dichotomy in jail credit jurisprudence and the issue of whether proportionality, fundamental fairness, and avoiding de facto upward departures should be considered when a defendant is held in custody in another jurisdiction on an unrelated offense is not properly presented here. In fact, the court agrees that the question of a de facto upward departure is not before us. Supra at 347 ("[I]t is unclear what the district court could have made Roy's Minnesota sentence concurrent or consecutive to ."). The record does not include any information about the Red Lake conviction or sentence. Under those circumstances, I agree that we cannot and should not reach the question of whether failing to give Roy jail credit for the time spent in Red Lake custody is a de facto conversion of a concurrent sentence to a consecutive sentence.
Because the only issue properly before us is whether Roy was in Red Lake custody "in connection with" the 2011 third-degree possession offense and because I agree with the court that Roy was not in Red Lake custody "in connection with" the 2011 offense, I concur.

Before implementation of Rule 27.03, we did not recognize a right to jail credit for time held in custody in connection with the offense being sentenced. See State v. Saldana , 310 Minn. 249, 246 N.W.2d 37, 40 (1976). Notably, in Saldana the sentence imposed ran concurrently with the sentence for another unrelated offense. Id.

During the mid-1980s when we last addressed interjurisdictional jail credit, our analysis of jail credit was in flux even in so-called intrajurisdictional cases. Compare Dulski , 363 N.W.2d at 309-10 (decided March 1, 1985 and applying an analysis broader than "in connection with"), and Patricelli , 357 N.W.2d at 94 (decided October 26, 1984 and noting for first time that in addition to the "in connection with" test, consideration should also be given to fact that defendant's sentences were concurrent), with State v. Vaughn , 361 N.W.2d 54, 59 (Minn. 1985) (decided January 25, 1985 and applying a strict "in connection with" analysis).

In Willis , we expressly acknowledged in footnote 2 that the concurrent/consecutive sentencing issue was not at issue. 376 N.W.2d at 429 n.2. We distinguished Dulski and Patricelli on the ground that the cases involved both (1) a jail credit against concurrent sentences and (2) the State's participation as a party to both of the relevant criminal charges. Id. We then noted that neither of those factors were in play in Willis . Id. Rather, we emphasized the "in connection with" test: "In the instant case, however, the defendant was held on criminal charges issued in one state and hold was placed upon him for unrelated charges issued out of another state." Id. (emphasis added).