*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0386**

State of Minnesota,
Respondent,

vs.

Ronald Wayne Taleronik,
Appellant.

**Filed December 11, 2023
Reversed and remanded
Slieter, Judge**

Washington County District Court
File No. 82-CR-17-3563

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Kevin Magnuson, Washington County Attorney, Andrew T. Jackola, Nicholas A. Hydukovich, Assistant County Attorneys, Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Gaïtas, Presiding Judge; Slieter, Judge; and Frisch, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

In this appeal from the final judgment of conviction for felony theft by swindle, appellant challenges his sentence, arguing that the district court erred by pronouncing his sentence as consecutive to an out-of-state sentence that appellant is serving. Because the

offense is not subject to either presumptive or permissive consecutive sentencing, the district court erred by imposing a consecutive sentence, and we reverse and remand to the district court for imposition of a concurrent sentence.

**FACTS**

In August 2017, respondent State of Minnesota charged appellant Ronald Wayne Taleronik with theft by swindle in violation of Minn. Stat. § 609.52, subd. 2(a)(4) (2016).

In April 2021, Taleronik pleaded guilty to the charged offense. The plea agreement, which the victim supported, contemplated a downward dispositional departure of 39 months' imprisonment stayed for 15 years' probation. After the plea hearing, and without knowledge of either the district court or state, Taleronik began serving a sentence in Wisconsin for a similar offense that occurred before he pleaded guilty. As a result, the district court sought updated input from the victim in this case regarding Taleronik's sentence. After contacting the victim, the prosecutor informed the district court that the victim now wanted Taleronik "to be in prison for as long as the judge will sentence him. She described Mr. Taleronik's only source of income as scamming women, and that if he's out he's only going to be scamming people."

In December 2022, Taleronik was sentenced to 39 months' imprisonment. After the district court pronounced Taleronik's sentence, [1] he asked:

---

[1] When the sentence was pronounced, the district court was silent whether it was consecutive or concurrent. *See* Minn. Sent'g Guidelines 2.F (2016) ("Generally, when . . . there is a prior felony sentence that has not expired or been discharged, concurrent sentencing is presumptive"); *see also State v. Wakefield*, 263 N.W.2d 76, 77 (Minn. 1978) (holding a state sentence is presumed to run concurrent "when there has been no specific determination by the trial court."). The first warrant of commitment, however, stated that Taleronik's sentence was to be served consecutive to his Wisconsin sentence.

2

> THE DEFENDANT: Will you allow the time I'm spending in Wisconsin to count towards the sentence? And the reason I say that, I will not be out of custody. I've done very well in minimum security and in my previous incarcerations, and if you allow that, I will be immediately eligible for the work release to be transferred from the prison I'm in now –
>
> THE COURT: You did already tell me that and I do understand that, but the answer to that question is no. They're not going to run at the same time.

Taleronik appeals.

## DECISION

Whether a sentence conforms to the requirements of a statute or the sentencing guidelines is a question of law reviewed *de novo*. *State v. Williams*, 771 N.W.2d 514, 520 (Minn. 2009). Taleronik claims that, by ordering his sentence to run consecutive to the Wisconsin sentence that he is currently serving, it becomes an unauthorized departure. We agree.

For felony sentences, Minnesota's sentencing guidelines establish criteria governing when a district court *must* impose a consecutive sentence (presumptive consecutive) and when the district court *may* impose a consecutive sentence (permissive consecutive). *See* Minn. Sent'g Guidelines 2.F.1, 2. Imposing a consecutive sentence in any situation not described by the guidelines constitutes a departure. *Id.* at 2.F.

---

An amended warrant of commitment was filed two weeks later, which stated that Taleronik was to serve 39 months, reporting "immediately upon completion of Wisconsin sentence." Based upon the district court's response to Taleronik that the sentence would not run at the same time as his Wisconsin sentence, we agree with the parties that the sentence pronounced was consecutive. *See State v. Statloch*, 643 N.W.2d 329, 331 (Minn. App. 2002) (holding that when a district court's orally pronounced sentence differs from the warrant of commitment, the oral pronouncement controls).

A sentence is presumptively consecutive if "(1) the offender was, at the time of the current offense, (i) serving an executed term of imprisonment, disciplinary confinement, or reimprisonment; or (ii) on escape status from an executed term of imprisonment, disciplinary confinement, or reimprisonment; and (2) the presumptive disposition for the current offense(s) is commitment." Minn. Sent'g Guidelines 2.F.1.a. Taleronik's sentence does not qualify for presumptive consecutive sentencing because he was not, at the time he committed the current offense, serving an executed sentence of imprisonment, disciplinary confinement, or reimprisonment, nor was Taleronik on escape status.

The guidelines also provide that "[c]onsecutive sentences are permissive if the presumptive disposition for the current offense(s) is commitment, as outlined in section 2.C, and paragraph (i), (ii), or (iii) applies." Minn. Sent'g Guidelines 2.F.2.a.(1). Paragraphs (i)-(iii) provide three situations that permit consecutive sentences if the current offense is a presumptive commitment, none of which apply to Taleronik's sentence.

First, a "felony conviction for a crime on the list in section 6 of offenses eligible for permissive consecutive sentences may be sentenced consecutively to a prior felony sentence" under certain circumstances. Minn. Sent'g Guidelines 2.F.2.a.(1)(i). However, theft by swindle, violating Minn. Stat. § 609.52, subd. 2(a)(4), is not on the list of offenses eligible for permissive consecutive sentencing and cannot, therefore, qualify for permissive consecutive sentencing. Minn. Sent'g Guidelines 6 (2016).

Second, in certain cases an offender being sentenced for multiple felony convictions may receive consecutive sentences. Minn. Sent'g Guidelines 2.F.2.a.(1)(ii). Taleronik was sentenced on a single felony conviction, and, therefore, paragraph (ii) does not apply.

4

Third, an offender who commits a felony while on escape status may receive a consecutive sentence. Minn. Sent'g Guidelines 2.F.2.a.(1)(iii). However, Taleronik did not commit the current offense while on escape status.

In sum, because neither presumptive consecutive nor permissive consecutive sentences apply to Taleronik's conviction, pronouncing a consecutive sentence was a sentencing departure for which the district court provided no reason.

When departing from the presumptive sentence, the district court "must disclose in writing or on the record the particular substantial and compelling circumstances that make the departure more appropriate than the presumptive sentence." Minn. Sent'g Guidelines 2.D.1.c (2016). And "absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed." *State v. Geller*, 665 N.W.2d 514, 517 (Minn. 2003).

Because the district court provided no reason for departing, we reverse Taleronik's sentence and remand to the district court to impose a presumptive sentence concurrent with his Wisconsin sentence.[2]

**Reversed and remanded.**

---

[2] The state frames this appeal as an issue of custody credit. Custody credit and consecutive/concurrent sentencing are related but distinct issues. *See e.g.*, *State v. Roy*, 928 N.W.2d 341 (Minn. 2019) (refusing to apply a case involving a consecutive sentence to an appeal challenging custody credit). Because Taleronik does not appeal the amount of custody credit he received, we need not address the state's claim.