*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0388**

State of Minnesota,
Respondent,

vs.

Terrick Anthony Ruffin,
Appellant.

**Filed January 16, 2024
Affirmed
Frisch, Judge**

Hennepin County District Court
File No. 27-CR-22-4609

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Greg Scanlan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

Following the district court's imposition of the presumptive sentence for appellant's conviction for possession of a firearm as an ineligible person, appellant challenges the

district court's denial of his motion for a downward sentencing departure and calculation of custody credit. Because the district court did not abuse its discretion in imposing the presumptive sentence and properly calculated appellant's custody credit, we affirm.

**FACTS**

In March 2022, respondent State of Minnesota charged appellant Terrick Anthony Ruffin with possession of a firearm as an ineligible person in violation of Minn. Stat. § 624.713, subd. 1(2) (2020), and threats of violence in violation of Minn. Stat. § 609.713, subd. 1 (2020). The district court set bail at $100,000 without conditions and $20,000 with conditions, including electronic home monitoring (EHM). Ruffin posted bail with conditions.

In August, Ruffin pleaded guilty to possession of a firearm as an ineligible person with no agreement with the state as to sentencing. As part of the plea, Ruffin admitted that on the date of the incident, he was intoxicated and fought with his partner, who called the police. When the police arrived, Ruffin threw a handgun into nearby bushes. Ruffin admitted that he knew that he was ineligible to possess a handgun based on a prior conviction for second-degree burglary.

Days later, Ruffin absconded from EHM, and the district court issued a warrant for Ruffin's arrest. Ruffin later failed to appear for his sentencing hearing, and the district court issued another warrant for Ruffin's arrest. Several weeks later, Ruffin turned himself in.

The district court thereafter held a sentencing hearing. At the start of the hearing, Ruffin's counsel offered the district court a "sentencing order."[1] The district court paused the sentencing hearing to read the submission from Ruffin's counsel. The district court indicated that it finished reading the submission. Ruffin's counsel argued that the district court should impose a downward dispositional, or alternatively, durational, departure from the legislatively mandated minimum sentence of 60 months' imprisonment. Minn. Stat. § 609.11, subd. 5(b) (2020); Minn. Sent'g Guidelines 2.E.2.b (Supp. 2021). Counsel argued that Ruffin accepted responsibility for the offense and for absconding from EHM, Ruffin was remorseful, Ruffin was intoxicated at the time of the offense, Ruffin had a limited criminal history and lack of gang affiliation, and Ruffin had "untreated mental-health issues, which resulted in a lack of substantial capacity for judgment." The state argued for the imposition of the presumptive sentence. During his allocution, Ruffin expressed remorse and apologized to his partner. He explained that his counsel was ineffective ahead of his presentence investigation (PSI), described lost employment, clarified that he turned himself in after absconding, asserted that any gang-affiliation information was not admissible evidence, accepted responsibility for absconding, explained that he absconded because of a mental breakdown, and asserted that the PSI was conducted using an improper procedure.

After counsel and Ruffin concluded their remarks, the district court assured Ruffin that it was not considering any alleged gang affiliation in its sentencing decision. The

---

[1] This document does not appear in the record on appeal, and we therefore cannot consider its contents on appeal. Minn. R. Civ. App. P. 110.01.

3

district court then pronounced a sentence of 60 months in prison for possession of a firearm as an ineligible person, with 50 days of credit for time served.

Ruffin appeals.

## DECISION

Ruffin challenges the district court's denial of his departure motion and custody-credit calculation. We address each argument in turn.

I.    **The district court did not abuse its discretion in denying Ruffin's motion for a sentencing departure.**

Ruffin argues that the district court abused its discretion by (1) failing to expressly acknowledge his motion for sentencing departure and (2) denying his departure motion. We disagree.

A district court has great discretion when making sentencing decisions, and we will reverse those decisions only when the district court abuses that discretion. *State v. Soto*, 855 N.W.2d 303, 307-08 (Minn. 2014). A sentence imposed in accordance with the guidelines is presumed to be appropriate. Minn. Sent'g Guidelines 2.D.1 (Supp. 2021). "We will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Sept. 17, 2013).

If presented with "substantial and compelling circumstances," a district court may depart from the presumptive sentence under the Minnesota Sentencing Guidelines. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981); *see also* Minn. Sent'g Guidelines 2.D.1 (stating

4

that a "court may depart from the presumptive disposition" of a guidelines sentence if "there exist identifiable, substantial, and compelling circumstances to support a departure"). But a district court may choose not to depart without abusing its sentencing discretion even if it determines that factors exist that might support a sentencing departure. *See State v. Walker*, 913 N.W.2d 463, 468-69 (Minn. App. 2018) (concluding that a district court did not abuse its discretion in declining to dispositionally depart despite considering "evidence of factors that could have supported a departure if they had been substantial or compelling"). We reverse a sentencing court's refusal to depart only in "rare" cases. *Id.* at 468 (quoting *Kindem*, 313 N.W.2d at 7).

The record reflects that the district court considered reasons for departure before imposing the presumptive and legislatively mandated sentence of 60 months' imprisonment. Minn. Stat. § 609.11, subd. 5(b); Minn. Sent'g Guidelines 2.E.2.b. At the start of the sentencing hearing, Ruffin's counsel submitted a document to the district court setting forth arguments in favor of departure. The district court paused the hearing to read that document. After acknowledging that it had read the written submission from Ruffin's counsel, the district court heard arguments from both Ruffin and his counsel in support of the motion for sentencing departure. Although the district court did not expressly state on the record that it had considered the motion for departure, and the better practice may have been to specifically acknowledge and expressly deny Ruffin's departure motion, the district court was not obligated to state its reasons for refusing to depart. *Johnson*, 831 N.W.2d at 926. Because the record shows that the district court considered reasons for departure and

the district court was not required to explain its reasons for imposing the presumptive sentence, we see no abuse of discretion by the district court.

Ruffin also argues that the district court abused its discretion by imposing the presumptive sentence instead of a durational departure because he lacked substantial capacity for judgment due to mental illness, his culpability was mitigated by his constitutional right to carry a handgun for self-defense, and his culpability was mitigated by his lack of knowledge that he was ineligible to carry a firearm, which was incorrectly characterized in the PSI. We decline to address Ruffin's arguments about mitigated culpability because he did not raise those issues before the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that we "generally will not decide issues which were not raised before the district court"). And even assuming that Ruffin had a diminished capacity for judgment that could have supported a durational departure, the district court was not obligated to depart from the presumptive sentence and properly exercised its discretion in sentencing Ruffin to the presumptive sentence.

We discern no abuse of discretion in the district court's denial of Ruffin's departure motion.

## II. The district court properly excluded EHM from custody credit.

In a pro se supplemental brief, Ruffin argues that he should receive custody credit for his time spent on EHM. We disagree.

"A criminal defendant is entitled to custody credit for time spent in custody 'in connection with the offense or behavioral incident being sentenced.'" *State v. Roy*, 928 N.W.2d 341, 345 (Minn. 2019) (quoting Minn. R. Crim. P. 27.03, subd. 4(B)). The

6

defendant bears the burden of establishing that they are entitled to custody credit. *Id.* at 344. "The district court does not have discretion on whether to award custody credit." *Id.* "The district court's decision whether to award custody credit is a mixed question of fact and law . . . ." *Id.* (quotation omitted). "We review the factual findings of the district court for clear error, but we review questions of law, such as the interpretation of the rules of criminal procedure, de novo." *Id.*

Time spent on EHM is not "time spent in custody for which jail credit should be received." *State v. Wilkinson*, 539 N.W.2d 249, 252 (Minn. App. 1995) (quotation omitted). The district court did not err by excluding time Ruffin spent on EHM from its calculation of custody credit.

**Affirmed.**